AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
Central District of Illinois

In the Matter of the Search of  )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
)  Case No. 24-MJ- 7066
INFORMATION ASSOCIATED WITH THE CELLULAR DEVICE )
ASSIGNED WITH CALL NUMBER (217) 904-0314 AND/OR )
INTERNATIONAL MOBILE SUBSCRIBER IDENTITY ("IMSI") )
310240136369221, THAT IS SERVICED BY T-MOBILE )

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, which is attached hereto and incorporated by reference.

located in the __Central__ District of __Illinois__, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B-1 and Attachment B-2, which are attached hereto and incorporated by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☐ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846 | Conspiracy to Commit a Title 21 Offense |

The application is based on these facts:
See Affidavit of Special Agent Ryan McElroy, FBI attached hereto and incorporated herein by reference.

☑ Continued on the attached sheet.

☑ Delayed notice of __30__ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

s/ Ryan McElroy
_____
*Applicant's signature*

Special Agent Ryan McElroy, FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by __electronic mail and telephone__ *(specify reliable electronic means)*.

Date: 3/21/2024

Eric Long
Digitally signed by Eric Long
Date: 2024.03.21 16:16:24 -05'00'
_____
*Judge's signature*

City and state: Urbana, Illinois

Eric I. Long, Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE CELLULAR DEVICE ASSIGNED WITH CALL NUMBER (217) 904-0314 AND/OR INTERNATIONAL MOBILE SUBSCRIBER IDENTITY ("IMSI") 310240136369221, THAT IS SERVICED BY T-MOBILE | Case No. 24-MJ- 7066<br><br>**Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, Ryan McElroy, being first duly sworn, hereby depose and state as follows:

#### *INTRODUCTION AND AGENT BACKGROUND*

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned Call Number (217) 904-0314 AND/OR International Mobile Subscriber Identity ("IMSI") 310240136369221 with an unknown subscriber (the "Target Phone Number"), whose service provider is T-Mobile, a wireless communications service provider that is headquartered at Parsippany, New Jersey. As a provider of wireless communications service, T-Mobile is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15). The Target Phone Number is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B-1 and Attachment B-2.

2. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," see 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. See 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. See 18 U.S.C. § 3123(b)(1).

3. I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI) and, as such, am charged with enforcing all laws in all jurisdictions of the United States, its territories and

possessions. I have been a member of the Federal Bureau of Investigation since January 2019. I am currently assigned to the Springfield, Illinois Division. My duties as a Special Agent with the FBI include investigating violent crimes such as armed robberies, carjackings, bank robberies, and violent criminal enterprises. I have attended formal trainings focused on the investigation of violent criminal enterprises and have gained experience in conducting such investigations through previous case investigations, and in consultation with law enforcement partners in local, state, and federal law enforcement agencies. I have participated in the execution of arrest warrants and search warrants to include social media, DNA, prospective location information and premises search warrants.

4. This Affidavit is intended to show merely that there is sufficient probable cause for the requested warrants and does not set forth all of my knowledge about this matter. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary for the limited purpose of establishing probable cause for the requested warrant. Additionally, unless otherwise indicated, wherever in this Affidavit I assert that an individual made a statement, that statement is described in substance herein and is not intended to be a verbatim recitation of such statement. Furthermore, unless otherwise indicated, all statements contained in this Affidavit are summaries in substance and in part. The following is true to the best of my knowledge and belief.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that Deshante Ingram has violated 21 U.S.C § 846: Conspiracy to Commit a Title 21 Offense. Deshante Ingram was charged with these crimes on March 18, 2024, and is the subject of an arrest warrant issued on March 18, 2024. There is also probable cause to believe that the location information described in Attachment B-1 and B-2 will assist law enforcement in arresting Deshante Ingram, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

## JURISDICTION

6. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

7. The United States, including the Federal Bureau of Investigation and the Drug Enforcement Administration, is conducting a criminal investigation of Deshante Ingram regarding possible violations of 21 U.S.C § 846: Conspiracy to Commit a Title 21 Offense.

8. During the course of the investigation the Target Phone Number was attributed to Deshante Ingram as a telephone number associated with an Instagram account operated by Deshante Ingram. Additionally, the Target Phone Number was found to be in frequent communication with other co-conspirators charged in this investigation. The Target Phone Number was intercepted during a court authorized intercept (Central District of Illinois Case Number 24-MJ-7009), which provided additional evidence that the user of the Target Phone Number was involved in possible violations of 21 U.S.C. § 846: Conspiracy to Commit a Title 21 Offense.

9. Investigators obtained subscriber information for the Target Phone Number and found service for the Target Phone Number to be provided by T-Mobile. As of the writing of this affidavit, investigators are not aware of any changes to the subscriber, the user, or the use of the cellular device associated with the Target Phone Number.

10. On March 18, 2024, a federal arrest warrant was issued for Deshante Ingram in United States District Court for the Central District of Illinois for violation of 21 U.S.C § 846: Conspiracy to Commit a Title 21 Offense.

## PROVIDER BACKGROUND

11. In my training and experience, I have learned that T-Mobile is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about

the locations of the cellular telephones to which they provide service, including: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or "cell tower/sector records." E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

      12.     Based on my training and experience, I know that T-Mobile can collect cell-site data about the Target Phone Number. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. This information can be extremely useful when attempting to locate a suspect or identify his or her past historical location. I also know that wireless providers such as T-Mobile typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes. By analyzing the incoming and outgoing phone numbers along with the duration, date, and time of who the subject (Target Phone Number) is communicating with through the cellular service provider's records can assist law enforcement in identifying the other party to the call. By running those telephone numbers through normal investigative steps and searches through open-source public databases, this can lead to the identification of specific locations such as a hotel, residence, or other type of physical address. When used in conjunction with cell-site and other precision location information can lead to identifying and confirming specific addresses or areas of interest where the subject is or has been.

4

This information is also necessary, and part of the service provider's call detail records (ordinary business records) associated with historical cell-site information and is necessary to gain a more complete understanding and more accurate view of a subject's historical and perspective location.

13. Based on my training and experience, I know that cellular providers such as T-Mobile can also collect Timing Advance data, which is also referred to as Per Call Measurement Data ("PCMD"), the "real-time tool" ("RTT"), and True Call data. Timing Advance data estimates the approximate distance of the cellular device from a cellular tower based upon the time it takes for signals to travel between the device and the tower. This information can be used to estimate an approximate location range that is more precise than typical cell-site data.

14. Based on my training and experience, I know that each cellular device has one or more unique identifiers embedded inside it. Depending on the cellular network and the device, the embedded unique identifiers for a cellular device could take several different forms, including an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), a Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), an International Mobile Subscriber Identifier ("IMSI"), an International Mobile Equipment Identity ("IMEI"), a Subscription Permanent Identifier ("SUPI"), and/or a Network Access Identifier ("NAI"). The unique identifiers – as transmitted from a cellular device to a cellular antenna or tower – can be recorded by pen-trap devices and indicate the identity of the cellular device making the communication without revealing the communication's content. Also, once the subject has been taken into custody, this identifying account information (to include email addresses and subscriber information) may also be necessary for evidentiary purposes to identify the cellular records with the subject's phone itself on a particular date and time. Furthermore, other identifying information such as subscriber information, email addresses associated with the user of the account, all assist law enforcement identify and confirming the end user (subject) to the account maintained by the service provider. This information may also help identify if the subject discontinues service, changes devices (such as IMEI, ESN, MEID, or SUPI), or if someone else begins using this telephone number after the subject terminates the account or provides the phone to another user.

5

15. Based on my training and experience, I know that wireless providers such as T-Mobile typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless communication service. I also know that wireless providers such as T-Mobile typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular device and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify the Target Phone Number's user or users.

## *AUTHORIZATION REQUEST*

16. Based on the foregoing, I request that the Court issue the proposed warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41. The proposed warrant will also function as a pen register order under 18 U.S.C. § 3123 authorizing the installation and use of a pen register and/or trap and trace device to record, decode, and/or capture certain information in Attachment A for each communication to or from the SUBJECT ACCOUNT, without geographic limit, for a period of thirty (30) days pursuant to 18 U.S.C. § 3123(c)(1).

17. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Phone Number would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. See 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B-1 and Attachment B-2, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. See 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the

warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. See 18 U.S.C. § 3103a(b)(2).

18. I further request that the Court direct T-Mobile Corporation to disclose to the government any information described in Attachment B that is within the possession, custody, or control of T-Mobile Corporation. I also request that the Court direct T-Mobile Corporation to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B-1 and Attachment B-2 unobtrusively and with a minimum of interference with T-Mobile Corporation's services, including by initiating a signal to determine the location of the Target Phone Number on T-Mobile Corporation's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate PROVIDER for reasonable expenses incurred in furnishing such facilities or assistance.

19. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Phone Number outside of daytime hours.

## REQUEST FOR SEALING

20. It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the application and search warrant. I believe that sealing this document is necessary because the items and information to be seized are relevant to an ongoing investigation into the criminal organizations as not all of the targets of this investigation will be searched at this time. Based upon my training and experience, I have learned that online criminals actively search for criminal affidavits and search warrants via the Internet and disseminate them to other online criminals as they deem appropriate, i.e., post them publicly online. Premature disclosure of the contents of this affidavit and related documents may have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness.

Respectfully submitted,

s/ Ryan McElroy

Ryan McElroy
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on   3/21  , 2024

Eric Long
Digitally signed by Eric Long
Date: 2024.03.21 16:16:41 -05'00'

UNITED STATES MAGISTRATE JUDGE

8

## ATTACHMENT A

### Property to Be Searched

1. This warrant applies to records and information associated with the cellular device assigned call number (217) 904-0314 AND/OR International Mobile Subscriber Identity ("IMSI") 310240136369221 (the "Target Phone Number"), with an unknown subscriber(s) whose wireless service provider is T-Mobile, a wireless communications service provider that is headquartered at Parsippany, NJ.

2. Records and information associated with the Target Phone Number that is within the possession, custody, or control of T-Mobile, including information about the location of the cellular telephone if it is subsequently assigned a different call number.

## ATTACHMENT B-1

I.  **Information to Be Disclosed by Provider**

All information about the location of the Target Phone Number described in Attachment A for a period of **30 days**, during all times day or night. "Information about the location of the target telephone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A. It further includes:

- Any unique identifiers associated with the cellular device, including ESN, MEIN, MSISDN, IMSI, SIM, MIN, SUPI, and MAC address(es);
- Source and destination telephone numbers;
- Date, time, and duration of communication; and
- All data about the cell towers (i.e. antenna towers covering specific geographic areas) and sectors (i.e. faces of the towers) to which the mobile device associated with the Target Phone Number will connect at the beginning and end of each communication, as well as Timing Advance data (also known as PCMD, RTT, NELOS, True Call, Quantum, or similar records).

It also includes monitoring non-content signaling and routing information, including all non-content packet switched data, through the installation and use of a pen register and trap and trace device pursuant to 18 U.S.C § 3123 by the service provider and the Federal Bureau of Investigation. The pen register/trap and trace device shall be transferable to any change dialed number (MSISDN) subsequently assigned to a device bearing the same ESN, IMSI, SUPI, or SIM as the target cell phone; any changed ESN, IMSI, SUPI, or SIM subsequently assigned the same dialed number as the target cell phone; or any additional changed dialed number, ESN, IMSI, SUPI, or SIM listed to the same subscriber account as the target cell phone.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of PROVIDER, PROVIDER is required to disclose the Location Information to the government. In addition, PROVIDER must furnish the government all information, facility, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with PROVIDER's services, including by initiating a signal to determine the location of the target telephone on PROVIDER's network or with such other reference points as may be reasonably available and at such intervals and times directed by the government. The government shall compensate PROVIDER for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

II.  **Government Procedures for Warrant Execution**

The United States government will conduct a search of the information produced by the PROVIDER and determine which information is within the scope of the information to be seized specified in Section I. That information that is within the scope of Section I may be copied and retained by the United States.

Law enforcement personnel will then seal any information from the PROVIDER that does not fall within the scope of Section I and will not further review the information absent an order of the Court.

Such sealed information may include retaining a digital copy of all information received pursuant to the warrant to be used for authentication at trial, as needed.

## ATTACHMENT B-2

**Particular Things to be Seized**

**III. Information to Be Disclosed by Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the PROVIDER, including any information that has been deleted but is still available to the PROVIDER, or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the PROVIDER is required to disclose to the government the following information pertaining to the account(s) associated with the Target Phone Number listed in Attachment A:

a. The following information about the customer(s) or subscriber(s) associated with account(s) related to the Target Phone Number for the period beginning on March 18, 2024 through and including the date of this warrant :

  i. Names (including subscriber names, user names, and screen names);

  ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

  iii. Local and long distance telephone connection records;

  iv. Records of session times and durations, the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions, and the destination IP addresses visited or otherwise accessed by the Target Phone Number;

  v. Length of service (including start date) and types of service utilized;

  vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), International Mobile Equipment Identities ("IMEI"),

     Subscription Permanent Identifier ("SUPI"), or Network Access Identifier ("NAI");

  vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address);

  viii. Means and source of payment for such service (including any credit card or bank account number) and billing records;

a. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Target Phone Number/Account, including:

  ix. the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses);

  x. information regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received; and,

  xi. all available Timing Advance data or precision location information such as TrueCall, NELOS, and RTT reports, to include 1X, EVDO, LTE, IP session, 5G, and Data.

## IV. Information to be Seized by the Government

All information described above in Section I that constitutes evidence, fruits, contraband, and instrumentalities of violations of 21 U.S.C § 846: Conspiracy to Commit a Title 21 Offense, involving Deshante Ingram during the period March 18, 2024, through and including the date of this warrant.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in

this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

2:24-mj-07066-EIL   # 1   Filed: 03/21/24   Page 15 of 17

# CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)

I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct. I am employed by T-Mobile Corporation ("T-Mobile"), and my title is _____. I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved. I state that the records attached hereto are true duplicates of the original records in the custody of T-Mobile. The attached records consist of _____ **[GENERALLY DESCRIBE RECORDS (pages/CDs/megabytes)]**. I further state that:

    a.    all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of T-Mobile, and they were made by T-Mobile as a regular practice; and

    b.    such records were generated by T-Mobile's electronic process or system that produces an accurate result, to wit:

        1.    the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of T-Mobile in a manner to ensure that they are true duplicates of the original records; and

        2.    the process or system is regularly verified by T-Mobile, and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____    _____
Date                              Signature